RICHARDSON (HOUGH v.). See Case No. 6,722.

## Case No. 11,785.

RICHARDSON et al. v. LAWRENCE.

[1 Blatchf. 501.] [1]

Circuit Court, S. D. New York. Oct. Term. 1849.

CUSTOMS DUTIES — ARTICLES WORN BY MEN, WOMEN, OR CHILDREN—LINENS— HANDKERCHIEFS.

1. Under the tariff act of Aug. 30, 1842 (5 Stat. 549), linen pocket handkerchiefs, hemstitched or hemmed, were not chargeable with a duty of 40 per cent., under subdivision 9 of section 1, as "articles worn by men, women or children, made up wholly or in part by hand," but with a duty of 25 per cent., under subdivision 3 of section 3, as "linens, or a manufacture of flax."

2. It seems, that a distinction has always been recognized and acted upon in the collection of the revenue, between articles worn upon the person, and articles carried about the person.

This was an action [by Thomas Richardson and William Watson] against [Cornelius W. Lawrence] the collector of the port of New-York, to recover back an excess of duties upon linen pocket handkerchiefs, hemstitched or hemmed. The duty charged was forty per cent., under the ninth subdivision of section one of the tariff act of Aug. 30, 1842 (5 Stat. 549), which imposes that duty "on all articles worn by men, women or children, other than as above specified or excepted, of whatever materials composed, made up wholly or in part by hand." It was insisted by the plaintiffs that only twenty-five per cent., duty should have been imposed on the handkerchiefs, as being "linens, or a manufacture of flax, or of which flax is a component part," under subdivision three of section three of the same act. Id. 550. A verdict was taken for the plaintiffs, for the difference between twenty-five per cent. and

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

forty per cent., subject to the opinion of the court, on a case to be made.

Francis B. Cutting, for plaintiffs.
Benjamin F. Butler, for defendant.

NELSON, Circuit Justice. The evidence in this case shows that a distinction has always been recognized and acted upon in the collection of the revenue, between articles worn by men, women and children, and those carried. An article worn appears to have been understood, as the term properly imports in a strict philological sense, as intended to designate some article of clothing or raiment—some garment used or worn upon the person, as distinguished from an article carried or used about the person for convenience or ornament. A hat, coat, or shoe, is an article worn, in the proper sense of the word; but a cane, snuff-box, or lady's fan, is, properly speaking, an article not worn but carried.

The connection, also, in which the words in question are found in the statute, confirms this view. A duty of fifty per cent. is imposed by the preceding clause "on ready-made clothing, &c., worn by men, women or children, except gloves, mits, stockings, socks, wove shirts and drawers, and all other similar manufactures made on frames, hats, bonnets, shoes, boots, and bootees, &c.;" and then follows the clause in question: "On all articles worn by men, women, or children, other than as above specified or excepted, of whatever materials composed. &c." Each of the articles thus excepted is an article of clothing or raiment worn, in the proper sense of the term, upon the person; and a sort of legislative definition is thus given of the meaning of the term in question. The same phraseology is used in Schedule C to the act of July 30th, 1846, (9 Stat. 44,) under which an interpretation has been given to the clause by the treasury department in conformity with the above view. And the same view is taken of the article "purses." It is considered as an article not worn but carried.[2]

It is admitted that the article in question properly falls under the head of "linens or a manufacture of flax," provided for in the third section of the act, and chargeable with a duty of only twenty-five per cent., unless it is embraced within the clause referred to in the ninth subdivision of the first section; and, as we are of opinion it cannot be brought within it, without a very strained and unusual interpretation, judgment must be given for the plaintiffs.

_____

[2] By the act of July 30, 1846. Schedule C, a duty of 30 per cent. ad valorem is imposed "on articles worn by men, women, or children. of whatever material composed, made up, or made wholly or in part, by hand." The treasury circular of Jan. 7, 1847, says: "Purses, when wholly of cotton, and linen cambric pocket handkerchiefs, hemmed, or not hemmed, being articles carried, but not worn on the person as dress or apparel, are entitled to entry, (when not embroidered or tamboured,) the former under Schedule D, at a duty of 25 per cent. and the latter under Schedule E., at a duty of 20 per cent. ad valorem."